

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00214-CR

MOLLIE WILLIAMS FRANKLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 30458A, Honorable Dee Johnson, Presiding

July 3, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Mollie Williams Franklin, appeals her conviction for the offense of murder[1] and sentence of sixty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02.

BACKGROUND

On December 17, 2019, police were dispatched to an apparently abandoned vehicle at a local park. Upon investigating the vehicle, police found the body of Richard Garza inside. Garza had been shot multiple times at close range. No weapon was found in or near the vehicle, but multiple shell casings were recovered from inside the vehicle. A gift bag was also recovered from the vehicle. Later, a broken acrylic fingernail was discovered in the vehicle as well. Subsequent testing revealed Appellant's DNA to be present on the handle of the gift bag and the acrylic nail.

Appellant and Garza had dated for approximately seven years. After their breakup in October of 2019, Appellant was upset that she had invested so much time into the relationship. Appellant told her friend, Alexandria Herrera, that Garza "didn't care about her, he didn't love her, and she just didn't understand how someone could move on that quick."

Approximately four months into the investigation of Garza's murder, a person turned in a gun to the police. The person discovered the gun in Medi-Park Lake. The gun, a Taurus 9mm, was traced to Appellant. Records reflect that she purchased the gun from a Lubbock pawnshop on November 18, 2019. Upon testing, the gun matched the shell casings recovered from Garza's vehicle. While Appellant's brother took the gun from her at some point, he returned it to her on or about December 3, 2019.

Appellant was subsequently indicted for the murder of Garza. At trial, Appellant testified that she met with Garza on the day of the shooting. During this meeting, Garza turned violent and began attacking Appellant. Appellant claimed that her friend, Jesse

Cerda, came to her aid and shot Garza using Appellant's Taurus 9mm. However, the State presented evidence that Appellant's testimony differed substantially from a pre-trial interview she gave to police. At the close of trial, the jury rejected Appellant's version of events and found her guilty of murder. After hearing punishment evidence, the jury returned a verdict recommending Appellant be incarcerated for a period of sixty years. The trial court entered judgment consistent with the jury's verdicts. From this judgment, Appellant timely appeals.

Appellant appears to contend that the evidence is insufficient to support her conviction because the State did not establish a discernable motive as to why Appellant shot Garza. However, motive is not an element of the offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) ("A person commits an offense if the person intentionally or knowingly causes the death of an individual . . . ."). Liberally construing Appellant's issue, we will review whether the evidence is sufficient to prove that Appellant committed the offense of murder.

## STANDARD OF REVIEW

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the

3

elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

### LAW AND ANALYSIS

We construe Appellant's sole issue to challenge the sufficiency of the evidence to support her conviction for the offense of murder. To establish the offense of murder as alleged in the indictment, the State was required to prove, beyond a reasonable doubt, that Appellant intentionally or knowingly caused the death of Garza. TEX. PENAL CODE ANN. § 19.02(b)(1).

In the present case, the evidence established that it was Appellant's gun that was used to kill Garza. Appellant's brother testified that Appellant possessed the gun before the time Garza was shot. The evidence also established that Appellant sat in the vehicle Garza was driving at the time Garza was fatally shot. The pathologist opined that Garza was shot at close range, consistent with the shots coming from the passenger's seat of

4

the car. Additionally, Appellant's friend, Herrera, testified that Appellant harbored anger toward Garza.[2] In fact, the only evidence that was exculpatory of Appellant was her own testimony, in which she stated that Cerda shot Garza. However, by their verdict, the jury chose not to believe Appellant's testimony, which is their prerogative. *See Winfrey*, 393 S.W.3d at 768 (jury is sole judge of witnesses' credibility and weight to be given their testimony); *Merritt*, 368 S.W.3d at 525–26 (we defer to jury's resolution of conflicting inferences). We conclude that the jury's rejection of Appellant's alternative theory was reasonable, especially considering the inconsistencies and outright lies presented by Appellant throughout the investigation of Garza's murder.[3]

For the foregoing reasons, we conclude that the evidence was sufficient to support Appellant's conviction for the offense of murder. We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[2] Appellant's issue focuses on the lack of proof of her motive to kill Garza. As previously noted, motive is not an element of the offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) ("A person commits an offense if the person intentionally or knowingly causes the death of an individual . . . ."). However, even if it were, we believe, under the applicable standard of review, Herrera's testimony is sufficient evidence of Appellant's motive.

[3] During the investigation, Appellant gave a statement to police in which she incorrectly identified the location of Garza's car, claimed that she and Garza had sex in her car before returning to his car, said she knew nothing about Garza being shot, and claimed that she gave Garza the Taurus 9mm in November and had not seen it since. Each of these statements was proven untrue at trial or was inconsistent with Appellant's trial testimony.